UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETTY S.,[1] <br>       Plaintiff, <br>   v. <br> MARTIN O'MALLEY,[2] <br> COMMISSIONER OF SOCIAL SECURITY, <br>       Defendant. | Case No. 2:22-cv-03443-PD <br><br> **MEMORANDUM OPINION AND ORDER VACATING AGENCY DECISION** |

Plaintiff challenges the denial of her application for Disability Insurance Benefits. For the reasons stated below, the decision of the Administrative Law Judge is reversed and the Court remands this matter on an open record for further proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the United States Judicial Conference.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this action. *See* 42 U.S.C. § 405(g).

## I. Pertinent Procedural History and Disputed Issue

On December 22, 2015, Plaintiff filed an application for Disability Insurance Benefits, and on May 22, 2019, Plaintiff filed an application for Supplemental Security Income. [Administrative Record ("AR") 25.][3] In both applications, Plaintiff alleges that she became disabled and unable to work since June 1, 2014. [Id.] Plaintiff's application was denied initially on June 8, 2016, and upon reconsideration on September 8, 2016. [AR 222, 227.] Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on September 10, 2018. [AR 101-125.] Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff, a medical expert, and a vocational expert ("VE"). [Id.] On October 25, 2018, the ALJ issued a decision finding that Plaintiff was not disabled under the Social Security Act ("SSA"). [("the 2018 Decision") AR 153-170.]

Plaintiff appealed the 2018 Decision to the Appeals Council, which vacated the 2018 Decision and remanded to the agency for another hearing. [AR 171-176.] In its remand order, the Appeals Council ordered the ALJ to:

> (1) Obtain additional evidence concerning Plaintiff's impairments in order to complete the administrative record in accordance with regulatory standards regarding consultative examinations and existing medical evidence; and
> (2) Further evaluate Plaintiff's mental impairments in accordance with 20 CFR 404.1520a by providing specific findings and rationale for each of the Paragraph B functional areas.

[Id.]

On February 22, 2021, the ALJ conducted a second hearing on Plaintiff's applications by telephone due to the COVID-19 pandemic. [AR 49-

---

[3] The Administrative Record is CM/ECF Docket Numbers 16-1 through 16-36 and the Joint Stipulation is Docket Number 21.

2

100.] Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff, two medical experts, and a VE. [Id.] On March 4, 2021, the ALJ issued a decision finding that Plaintiff was not disabled under the SSA from June 1, 2014, the alleged onset date, through the date of the decision. [("the 2021 Decision") AR 25-40.] On March 24, 2022, the Appeals Council denied Plaintiff's request for review, rendering the 2021 Decision the final decision of the Commissioner. [AR 1-8.]

The ALJ followed the five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *superseded on other grounds by regulation as stated by Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2014, the alleged onset date. [AR 28 ¶ 2.] At step two, the ALJ found that Plaintiff had the following severe impairments: "cervical and lumbar spine degenerative disc disease, status post-left shoulder humerus fracture, status post-left wrist open reduction and internal fixation surgery, and diabetes mellitus." [AR 29 ¶ 3.] The ALJ found that these impairments significantly limit Plaintiff's ability to perform basic work activities. [AR 29.]

At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926)." [AR 35 ¶ 4.]

Before proceeding to step four, the ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to perform light work as defined in

3

the regulations with the following limitations:

> …involving sitting/ standing/ walking up to 6 hours total per 8-hour workday (with performance of each activity up to 1 hour at a time), no limits on her dominant right upper extremity, no overhead reaching with her left arm, occasional other left arm movements, frequent left upper extremity handling/ fingering, occasional operation of foot controls, occasional postural movements, and no working around hazards or moving machinery.

[AR 35 ¶ 5.]

At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as an estimator, and that such work does not require the performance of work-related activities that would be precluded by her RFC. [AR 39 ¶ 6.] The ALJ found that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform the occupation of estimator as generally performed per the Dictionary of Occupational Titles ("DOT") and as she actually performed it. [AR 39.] Accordingly, the ALJ concluded that Plaintiff did not meet the definition of disability, as defined by the SSA, from the alleged onset date through the date of the decision. [AR 40 ¶ 7.]

Plaintiff challenges the ALJ's decision on three grounds:
1) Whether the ALJ properly considered the medical evidence at step two;
2) Whether the ALJ properly rendered Plaintiff's RFC; and
3) Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

[JS at 3.]

## II.   Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits. A court will vacate the agency's decision "only if the

4

ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (citations omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) (same).

It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). Where this evidence is "susceptible to more than one rational interpretation" the ALJ's reasonable evaluation of the proof should be upheld. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Tran v. Saul*, 804 F. App'x 676, 678 (9th Cir. 2020).[4]

Error in Social Security determinations is subject to harmless error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Error is harmless if "it is inconsequential to the ultimate nondisability determination" or, despite the legal error, "the agency's path is reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

---

[4] Although statements in unpublished Ninth Circuit opinions "may prove useful [] as examples of the applications of settled legal principles," the Ninth Circuit has cautioned lower courts not to rely heavily on such memorandum dispositions particularly as to issues of law. *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ("a nonprecedential disposition is not appropriately used ... as the pivotal basis for a legal ruling by a district court").

5

### III. Discussion

#### A. The ALJ Erred in Evaluating Plaintiff's Subjective Symptom Testimony

##### 1. Relevant Law

In the absence of proof of malingering, an ALJ may reject a litigant's believability by identifying "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler*, 775 F.3d at 1102); *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); *see also Smartt v. Kijakazi,* 53 F. 4th 489, (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]"). Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony. *Ferguson v. O'Malley*, __ F.4th __, 2024 WL 1103364, at * 4 (9th Cir. Mar. 14, 2024) (emphasis in original).

An ALJ may consider a claimant's conservative treatment when evaluating credibility, particularly when the claimant "responded favorably" to minimal treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Burkett v. Berryhill*, 732 F. App'x 547, 552 (9th Cir. 2018) (same). Proof of "conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Mojarro v. Berryhill*, 746 F. App'x 672 (9th Cir. 2018) (same). An ALJ may also rely on an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and the claimant's daily activities. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th

Cir. 2014); *Loader v. Berryhill*, 722 F. App'x 653, 655 (9th Cir. 2018) (same).

An ALJ can consider whether there is a lack of objective medical evidence supporting a claimant's allegations. However, this factor "cannot form the sole basis" for discounting subjective symptom testimony. *Burch*, 400 F.3d at 681; *Davis v. Berryhill*, 736 F. App'x 662, 665 (9th Cir. 2018).

Even if an ALJ impermissibly relies "on one of several reasons in support of an adverse credibility determination," the error is harmless if "the ALJ's remaining reasoning and *ultimate credibility determination* were adequately supported by substantial evidence in the record." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (citation omitted).

### 2. Analysis

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount her subjective symptom testimony, specifically with respect to her complaints regarding headaches and migraines. [JS 12-18.]

As pertinent to the disputed issue, Plaintiff testified at the 2018 hearing that she suffered from migraine pain ever since she was a teenager. [AR 115-116.] Plaintiff stated that she has tried many different medications over the years. [AR 116.] Plaintiff stated that she gets dizzy from her migraines. [Id.] She further testified that when she was still working, she would get around 5 migraines a month, and each migraine would last four hours. [Id.] Plaintiff stated that she would manage her headaches by taking medication and then laying down until she felt better. [AR 117.] Plaintiff testified that the frequency of her migraines increased a year after she was laid off. [Id.] At the time of the 2018 hearing, Plaintiff testified that she had not yet tried Botox to manage her symptoms. [AR 117-118.]

At the 2021 hearing, the ALJ did not ask Plaintiff any questions regarding her chronic migraines. [*See* AR 49-100.] The ALJ heard expert testimony from an orthopedist and a psychiatrist, but neither doctor would opine on Plaintiff's headaches because both stated it was not their area of expertise. [*See* AR 59-88.] A neurologist did not testify and Plaintiff did not have a consultative examination with a neurologist. [AR 87.]

With respect to Plaintiff's mental impairments, the ALJ found that Plaintiff has slight impairments related to migraines, depression, and anxiety, but did not have any severe mental impairments. [AR 35.] The ALJ found that while Plaintiff's medically determinable impairments could reasonably have been expected to cause her alleged symptoms, her statements "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." [AR 36-37.]

In the 2021 Decision, the ALJ summarized the 2018 and 2021 hearing testimony, focusing on Plaintiff's testimony regarding her physical impairments. [AR 36.] The ALJ also pointed to Plaintiff's 2016 function report, noting that she "reported living alone and suffering from problems with anxiety, headaches, pain, low energy and forgetfulness." [AR 37.] The ALJ further highlighted that Plaintiff "denied any problems caring for her personal needs, preparing simple meals, driving, shopping, handling her finances, and performing light household chores." [Id.] The ALJ did not address Plaintiff's 2019 function report, where Plaintiff also reported issues with anxiety, depression, and migraines. [*See* AR 651-660.] Plaintiff reported that her symptoms associated with these impairments prevent her from leaving the house most days. [AR 662.] Plaintiff further stated that the worrying, anxiety, and migraines affect her sleep. [AR 663.] Plaintiff also checked off that she had issues with her memory, concentration, and getting

along with others. [AR 667.]

The ALJ then proceeded to give two discernable reasons for discounting Plaintiff's subjective symptom testimony in general: lack of objective medical evidence and Plaintiff's reported daily activities. [AR 37-38.] In the Ninth Circuit's recent decision in *Ferguson*, it clarified that in order to satisfy the substantial evidence standard, "the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." 2024 WL 1103364, at * 4 (emphasis in original). In that case, the Ninth Circuit similarly considered whether the ALJ erred in rejecting the plaintiff's testimony regarding the severity of his headaches. *Id*. at *1. The Ninth Circuit emphasized that the ALJ specifically mentioned the plaintiff's headaches only once during the ALJ's symptom-testimony discussion and did not identify any evidence indicating that the plaintiff could not experience severe and frequent headaches in the absence of neurological defects. *Id*. at *4. The court repeated that at step two of the symptom analysis, "the ALJ cannot rely on an *absence* of positive medical evidence to discredit a claimant's subjective symptom testimony." *Id* (citing *Smartt*, 53 F.4th at 498) (emphasis in original). Accordingly, the Ninth Circuit concluded that the ALJ was required to expressly state what evidence was inconsistent with the plaintiff's headache symptom testimony. *Id*. Similarly, the Ninth Circuit found that the ALJ also erred in not expressly explaining how, in his view, the plaintiff's testimony about his daily activities was inconsistent with his testimony about the severity and frequency of his headaches. *Id*. at 7.

Notably, like in *Ferguson*, in this case the ALJ did not address either Plaintiff's 2018 testimony or the 2016 or 2019 function reports regarding her complaints of symptoms associated with her headaches and migraines. While lack of objective medical evidence and daily activities are both valid reasons to

9

discount a plaintiff's subjective complaints, the ALJ was required to explain why Plaintiff's headache testimony specifically was inconsistent with both the objective medical evidence and Plaintiff's reported activities. *Ferguson*, 2024 WL 1103364, at *4-7. As such, the ALJ failed to adequately show her work at step two of the symptom testimony analysis. *See Smartt*, 53 F.4th at 499 ("The standard isn't whether our court is convinced, but whether the ALJ's rationale is clear enough that it has the power to convince."); *see also Treichler*, 775 F.3d at 1102 (citing *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)) (explaining that an ALJ may not reject a claimant's testimony by relying on the "record in general.").

In sum, the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's subjective complaints regarding headaches and migraines. The error was not harmless. If the ALJ had accepted Plaintiff's testimony, it is possible that the ALJ either would have found that Plaintiff was disabled, or rendered an RFC that accounted for the symptoms associated with her mental impairments. As such, the ALJ's error was not "inconsequential to the ultimate nondisability determination." *Treichler*, 775 F.3d at 1099.

### B. Other Issues and Remedy

Plaintiff contends that the ALJ's decision is also erroneous because the ALJ failed to properly consider the medical evidence at step two and erred in rendering Plaintiff's RFC. [JS at 3-12.] Because the Court concludes that this case be remanded on an open record, the Court declines to address Plaintiff's other claims of error. *Google LLC v. Oracle America, Inc.*, ___ U.S. ___, 141 S. Ct. 1183, 1197 (2021) (appellate courts "should not answer more than is necessary to resolve the parties' dispute" on appeal); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("While Smith raises a number

of issues on appeal, the court addresses only those relevant to its decision to remand the case to the agency."); *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) ("We have no occasion to reach Lambert's other assignments of error, as the record may change on remand.").

**IV.  Order**

For all the reasons stated above, the ALJ's decision is vacated and the case is remanded on an open record. A separate judgment will issue.

IT IS SO ORDERED.

Dated: March 19, 2024

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

11